IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH V. WILLIAMS | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 04-1043.-CV-W-DW |
| | ) | |
| CHUCK DWYER, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Before the Court is Movant's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Government has filed its response in opposition (Doc. 4), and the Movant has filed his reply (Doc. 7). After careful consideration of the parties' arguments, the Court DENIES the § 2254 motion.

I. Background

On June 17, 1998, a jury convicted Williams of two counts of first degree robbery, forcible sodomy, two counts of forcible rape, second degree robbery, three counts of armed criminal action, kidnaping, two counts of first degree robbery and two counts of felonious restraint. The conviction was based on two separate incidents of rape occurring within five weeks of each other. The Jackson County Circuit Court sentenced Williams to a total of 734 years' consecutive imprisonment. His conviction was affirmed by the Missouri Court of Appeals. Williams then filed a Rule 29.15 post-conviction proceeding in Jackson County Circuit Court arguing he received ineffective assistance of trial counsel. Relief was denied in that court on December 7, 2001. He has now filed this petition pursuant to 28 U.S.C. § 2254, in which he argues

1

constitutional error based on: (1) failure to sever the charges; (2) ineffective assistance of counsel for failure to object and request a mistrial after the Prosecutor allegedly unconstitutionally commented on Movant's post-Miranda silence; and (3) ineffective assistance of trial counsel for failure to argue innocence by reason of mental disease or defect pursuant to Mo. Rev. Stat. 552.010.

## II. Standard

The federal habeas statute authorizes United States district courts to entertain petitions for habeas relief from state court judgments only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3); Garlotte v. Fordice, 515 U.S. 39, 40, 115 S. Ct. 1948, 1949, 132 L. Ed. 2d 36, 41 (1995). Williams alleges his trial and conviction violated the United States Constitution on three separate grounds. The Court cannot grant relief on any of Williams's claims unless it finds that the state courts' adjudication of his claims resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d).

## III. Discussion

To obtain habeas relief for failure to sever, Williams must show that "the failure to grant severance rendered the trial 'fundamentally unfair.'" Wharton-El v. Nix, 38 F.3d 372, 374 (8th Cir. 1994) (quoting Hollins v. Department of Corrections, 969 F.2d 606, 608 (8th Cir. 1992)). Williams argues that failure to grant severance prejudiced him because the two incidents occurred at different times and were not part of a common scheme or plan. However, on direct appeal, the

2

Missouri Court of Appeals determined that the offenses were properly joined together because the incidents were sufficiently similar in manner and geographic location so as to permit joinder of all counts. This finding is presumed correct. Wharton-El, 38 F.3d at 375 (citing 28 U.S.C. 2254(d)). The Missouri Court of Appeals found the trial court did not abuse its discretion as the offenses charged and the underlying facts were easily distinguishable and the jury was instructed to consider each offense separately. Taken together, the finding of a common scheme or plan and the cautionary instruction indicate that the failure to grant severance did not render Williams's trial fundamentally unfair. Wharton-El, 38 F.3d at 375-375.

Next, Williams argues two theories of ineffective assistance of trial counsel. To obtain habeas relief for ineffective assistance of counsel, Williams must show (1) counsel's representation was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of this test requires that Smith demonstrate that counsel made errors so serious that the attorney ceased to function as the "counsel" guaranteed by the Sixth Amendment.

First, Movant argues he was denied effective assistance of counsel when his trial counsel "failed to object and request a mistrial after the prosecutor commented on the fact that, after initially agreeing to speak with the police, Mr. Williams asserted his constitutional right to remain silent." In closing argument, the Prosecutor stated: "Detective Smith talks to him [Mr. Williams]. First of all he says 'I don't know anything about what happened,' and at the end of the interview he's saying 'Okay, if you give me a cigarette I'll tell you what happened.' But did he ever tell anybody what happened? No." Trial Tr. p. 696.

It is fundamentally unfair and a deprivation of due process for an arrested person's silence

3

to be used against him or her at trial.  Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).  However, where an accused waives the right to remain silent and agrees to questioning, subsequently refusing to answer further questions, the prosecution may note the refusal.  At that point, the refusal constitutes part of an admissible conversation between the police and the accused.  United States v. Harris, 956 F.2d 177, 181 (8th Cir. 1992) (citing United States v. Collins, 652 F.2d 735, 740 (8th Cir. 1981)).  Williams chose to speak with the police after he received Miranda warnings.  Thus, the prosecutor's reference to Williams's silence was not erroneous.

Further, where, as here, there was no objection to the challenged comments or questions, the Eighth Circuit has examined Doyle-type claims for plain error.  See United States v. Frazier, __ F.3d __, 2005 WL 1269183 (8th Cir. 2005).  In Frazier, the Court found that the government's use of post-arrest, pre-Miranda silence in its case-in-chief did not violate Doyle, but stated that even if the conduct had violated the Constitution, the Court would have affirmed the conviction in light of the overwhelming evidence developed at trial establishing the defendant's guilt.  Id. at 7.  As in Frazier, the overwhelming evidence developed at trial established Williams's guilt beyond a reasonable doubt, including, DNA tests conclusively identifying Williams as the rapist in both incidents, victim identification of Williams as the perpetrator, Williams's fingerprints on the plexiglass removed prior to the rape of one of the victims, and Williams's pubic hair on one of the socks found outside one victim's home.

Neither defense counsel's failure to object to the statement nor his failure to move for a mistrial or dismissal were so critical as to undermine confidence in the outcome of the trial.  See Strickland v. Washington, 466 U.S. 668.

Lastly, Williams alleges he was denied effective assistance of counsel when trial counsel failed to present an insanity defense under Mo. Rev. Stat. § 552.010. Mr. Williams argues that his trial counsel ought to have argued that due to his regular use of PCP (phencyclidine), he was in a psychotic state at the time of the offenses and therefore not guilty by reason of mental disease or defect.

The Court rejects this argument on two grounds. First, it is procedurally barred. Movant failed to present this claim to the Missouri state courts in his post-conviction claim, and therefore has defaulted on it. Mo.S.Ct.R. 29.15(a); Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). For this Court to reach the merits of this claim, the Movant must show cause and prejudice. Schlup v. Delo, 513 U.S. 298, 318 - 319, 115 S.Ct. 851, 862 - 863, 103 L.Ed.2d 808 (1995) (citing Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Here Williams claims that constitutional error has resulted in the conviction of one who is actually innocent of the crime charged. A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schulp v. Delo, 513 U.S. at 324. While petitioner claims that he has passed through the actual innocence gateway he fails to present even a shred of new evidence supporting this proposition. Thus, this claim must be rejected.

Further, even if this claim were not procedurally barred, it is without merit. See Missouri v. Mouse, 989 S.W.2d 185 (any psychosis resulting from defendant's voluntary ingestion of amphetamines could not form basis of defense of not guilty by reason of mental disease or defect under Mo. Rev. Stat. § 552.010).

IV. Conclusion

      For the foregoing reasons, Movant's petition for a writ of habeas corpus is DENIED.

IT IS SO ORDERED.

                                                                        /s/ DEAN WHIPPLE
                                                                              Dean Whipple
                                                                     United States District Judge

DATE:   July 8, 2005